UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 2:25-cv-00404-JLS-AS                               Date: February 17, 2025
Title:  Liana Hampartsoumian v. State Farm General Insurance Company et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Kelly Davis | N/A |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**PROCEEDINGS:** **(IN CHAMBERS)  ORDER (1) TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED TO STATE COURT AND (2) CONTINUING HEARING ON DEFENDANT'S MOTION TO DISMISS (Doc. 13)**

Plaintiff Liana Hampartsoumian filed this action in Los Angeles County Superior Court.  (Ex. B to Notice of Removal ("NOR"), Compl., Doc. 1-2.)  Defendant State Farm General Insurance Company removed, invoking this Court's diversity jurisdiction.  (NOR, Doc. 1.)

To fall within this Court's diversity jurisdiction, an action must (1) be between "citizens of different States," and (2) have an amount in controversy that "exceeds the sum or value of $75,000."  28 U.S.C. § 1332(d).  "A defendant's notice of removal to federal court must 'contain[] a short and plain statement of the grounds for removal," including the amount in controversy.  *Moe v. GEICO Indem. Co.*, 73 F.4th 757, 761 (9th Cir. 2023) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87, (2014)).  Where the plaintiff's state-court complaint includes a damages demand, that amount, if made in good faith, "shall be deemed to be the amount in controversy."  *Id.* § 1446(c)(2).  Where the plaintiff's complaint "does not specify the damages sought, the defendant ordinarily may satisfy the amount-in-controversy requirement by making a plausible assertion of the amount at issue in its notice of removal."  *Moe*, 73 F.4th at 761.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-00404-JLS-AS                                         Date: February 17, 2025
Title: Liana Hampartsoumian v. State Farm General Insurance Company et al

"[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff *or questioned by the court.*" *Id.* (quoting *Dart*, 574 U.S. at 87).

Here, Plaintiff's complaint does not specify the amount of damages sought. (*See generally* Compl.) Rather, Plaintiff alleges that she "discovered substantial water damage due to a burst dishwasher discharge hose at her residence" and has "been damaged in the amount of coverage to which [she is] entitled under [her policy with Defendant]. (*Id.* ¶¶ 19, 32.) In its Notice of Removal, Defendant makes only the conclusory assertion that the amount-in-controversy requirement is met based on "the information in State Farm's possession to date" and Plaintiff's allegation of "substantial damage to [her] Property caused by water damage." (NOR at 4–5 (internal quotation omitted).)

Therefore, the Court *sua sponte* questions whether the amount-in-controversy requirement is satisfied here. *See Moe*, 73 F.4th at 761–62. Defendant bears "the burden to show that the amount-in-controversy requirement is met by a preponderance of the *evidence*." *Id.* at 762 (emphasis added).

Defendant is ORDERED to show cause, in writing, no later than **seven (7) days** from the date of this Order, why the Court should not remand this action to Los Angeles County Superior Court. Plaintiff has **seven (7) days** thereafter to submit any response. No further briefing is permitted. Following submission of the parties' briefing, which shall not exceed **five (5) pages**, not including any declaration(s), the matter will be deemed under submission and the Court will thereafter issue an order. The hearing on Defendant's Motion to Dismiss (Doc. 13) is hereby CONTINUED to April 4, 2025.

Initials of Deputy Clerk: kd