**FREEMAN MATHIS & GARY, LLP**
Albert K. Alikin (SBN 265119)
Albert.Alikin@fmglaw.com
Michael Gelfound (SBN 297413)
Michael.Gelfound@fmglaw.com
Emily Duong (SBN 358160)
Emily.Duong@fmglaw.com
550 South Hope Street, 22nd Floor
Los Angeles, California 90071
Tel.:(213) 615-7000
Fax: (833) 264-2083

*Attorneys for Defendant*
State Farm General Insurance Company

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

LIANA HAMPARTSOUMIAN, an Individual

Plaintiff,

v.

STATE FARM GENERAL INSURANCE COMPANY, an Illinois Corporation, and DOES 1 through 100, inclusive,

Defendants.

Case No. 2:25-cv-00404-JLS-ASx
District Judge: Josephine L. Staton
Magistrate Judge: Alka Sagar

**DEFENDANT STATE FARM INSURANCE COMPANY'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**

[*Filed concurrently with Notice of Motion and Motion; Memorandum of Points and Authorities in Support Thereof; Declaration of Ellen Redmond; Declaration of Emily Q. Duong; Declaration of Robert A. Carnahan; Declaration of George Aguilar; and [Proposed] Order*]

Date: April 3, 2026
Time: 10:30 a.m.
Courtroom: 8A

Complaint Filed: December 2, 2024
Final Pretrial Conference: July 24, 2026



FREEMAN MATHIS & GARY, LLP
550 South Hope Street, 22nd Floor
Los Angeles, California 90071

Pursuant to Federal Rules of Civil Procedure, Rule 56 and Central District of California Local Rule 56-1, Defendant State Farm General Insurance Company ("State Farm") respectfully submits this Separate Statement of Uncontroverted Material Facts in support of its Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment.

## SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION SUMMARY JUDGMENT

| Moving Party's Uncontroverted Material Facts | Moving Party's Supporting Evidence |
|---|---|
| 1. State Farm General Insurance Company ("State Farm") issued a Homeowners Policy to Liana Hampartsoumian for a single-family home located at 7926 Melita Ave, North Hollywood, CA 91605 ("Property"), bearing policy number 71-CL-G536-3 (the "Policy"). | Declaration of Ellen Redmond ("Redmond Decl."), ¶ 4, Exhibit ("Exh.") 1 [SF001532 – SF001589]. |
| 2. The Policy contains the following relevant exclusion:<br><br>**SECTION I – LOSSES NOT INSURED**<br><br>1. ***We*** will not pay for any loss to the property described in Coverage A that is caused by one or more of the items below, regardless of whether the loss occurs abruptly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:<br><br>. . .<br><br>f. wear, tear, decay, marring, scratching, deterioration, inherent | Redmond Decl., ¶ 4, Exh. 1 [SF001532 – SF001589]. |



FREEMAN MATHIS & GARY, LLP
550 South Hope Street, 22nd Floor
Los Angeles, California 90071

FREEMAN MATHIS & GARY, LLP
550 South Hope Street, 22nd Floor
Los Angeles, California 90071

| **Moving Party's Uncontroverted Material Facts** | **Moving Party's Supporting Evidence** |
|---|---|
| vice, latent defect, or mechanical breakdown;<br><br>. . .<br><br>However, ***we*** will pay for any resulting loss from items a. through k. unless the resulting loss is itself a Loss Not Insured as described in this Section.<br>. . .<br><br>3. ***We*** will not pay for, under any part of this policy, any loss that is caused by one or more of the items below, regardless of whether the event occurs abruptly or gradually, involves isolated or widespread damage, occurs on or off the ***residence premises***, arises from natural or external forces, or occurs as a result of any combination of these:<br>. . .<br><br>c. **Water**, meaning:<br><br>. . .<br><br>(9) seepage or leakage of water, steam, or sewage that occurs or develops over a period of time:<br><br>(a) and is:<br><br>(i) continuous;<br><br>(ii) repeating;<br><br>(iii) gradual; | |

FREEMAN MATHIS & GARY, LLP
550 South Hope Street, 22nd Floor
Los Angeles, California 90071

| Moving Party's Uncontroverted Material Facts | Moving Party's Supporting Evidence |
|---|---|
| (iv) intermittent;<br><br>(v) slow; or<br><br>(vi) trickling; and<br><br>(b) from a:<br><br>(i) heating, air conditioning, or automatic fire protective sprinkler system;<br><br>(ii) household appliance; or<br><br>(iii) plumbing system, including from, within or around any shower stall, shower bath, tub installation, or other plumbing fixture, including their walls, ceilings, or floors.<br><br>***We*** also will not pay for losses arising from condensation or the presence of humidity, moisture, or vapor that occurs or develops over a period of time; or<br><br>* * * | |
| 3. On September 1, 2023, Plaintiff retained counsel at Megerdomian Law Offices, who made the Claim under the Policy. Thereafter, State Farm sent a message to Plaintiff stating that it received her loss report. | Redmond Decl., ¶ 6, Exh. 2. [SF001391]. |
| 4. Also on September 1, 2023, Plaintiff's son, Sarkis Hampartsoumian, called Roto-Rooter Plumbing & Water Cleanup ("Roto-Rooter") to inspect the Property. During that visit, the plumber observed that the dishwasher | Redmond Decl., ¶ 7; Declaration of George Aguilar ("Aguilar Decl."), ¶ 3. |

| Moving Party's Uncontroverted Material Facts | Moving Party's Supporting Evidence |
|---|---|
| air gap hose, which connects to the kitchen sink drain line, was disconnected and leaking a small amount of water. The plumber did not observe any burst pipe or catastrophic failure of the plumbing system. At that time, he reattached the air gap hose to the drain line and secured it with a clamp to prevent further leaking. The issue was resolved at that time. | |
| 5. After the plumber completed the repair, he prepared a contemporaneous report documenting his findings and work performed. In that report, he stated that the dishwasher discharge hose was leaking at the air gap and that he resecured it with a hose clamp. The report accurately reflects the plumber's observations and the conditions he personally observed at the Property on September 1, 2023. | Aguilar Decl., ¶ 4; Declaration of Emily Q. Duong ("Duong Decl."), ¶ 3, Exh. 19. |
| 6. The September 1, 2023, plumber's invoice does not charge for parts, and the invoice did not state that the discharge hose was replaced. | Declaration of Robert A. Carnahan ("Carnahan Decl."), ¶ 4. |
| 7. On September 14, 2023, State Farm issued a letter to Plaintiff that informed her of her rights and directed her to Insurance Code Section 790.034(b)(1). | Redmond Decl., ¶ 8, Exh 3 [SF001388 – SF001390]. |
| 8. On September 15, 2023, State Farm's adjuster inspected the Property. | Redmond Decl., ¶ 9. |
| 9. Plaintiff's counsel contacted Maze Restoration Inc. ("Maze") to perform water mitigation services at the Property. Additional photographs taken on September 23, 2023, show that Maze removed flooring and areas of | Redmond Decl., ¶ 10, Exh. 4 [SF00274 – SF00426]; *see* Carnahan Decl., ¶ 6. |

FREEMAN MATHIS & GARY, LLP
550 South Hope Street, 22nd Floor
Los Angeles, California 90071

| Moving Party's Uncontroverted Material Facts | Moving Party's Supporting Evidence |
| --- | --- |
| the walls in the kitchen, dining and living room area; State Farm did not authorize such work. | |
| 10. On October 23, 2023, State Farm's adjuster conducted a second inspection of the Property to further determine the cause of loss. | Redmond Decl., ¶ 11. |
| 11. State Farm received a copy of Plaintiff's independent repair estimate prepared by Jeff Kendall. | Redmond Decl., ¶ 14, Exh. 7 [SF001403 – SF001530]. |
| 12. On January 10, 2024, State Farm issued a status letter advising that its handling of the claim was pending further review of documents in the claim file. | Redmond Decl., ¶ 15, Exh. 8 [SF001380]. |
| 13. On February 5, 2024, State Farm requested six months of water bills to determine if there was an increase in water usage around the time of the loss. | Redmond Decl., ¶ 17, Exh. 10 [SF001362]. |
| 14. On February 6, 2024, State Farm emailed Plaintiff's counsel's office stating that it had received the water bills and would contact her upon completion of its review. State Farm's review of the water bills did not reflect a sudden, isolated spike in consumption immediately preceding the reported date of loss, which would typically be expected in the event of a sudden and accidental high-volume discharge of water. | Redmond Decl., ¶ 18, Exh. 11 [SF000585 – SF000604]. |
| 15. On February 27, 2024, State Farm issued a denial letter. The denial letter stated that the water damage was not covered under the Policy's repeated seepage or leakage exclusion based on Plaintiff's statements, State Farm's | Redmond Decl., ¶ 19, Exh. 12 [SF000260 – SF000264]. |

FREEMAN MATHIS & GARY, LLP
550 South Hope Street, 22nd Floor
Los Angeles, California 90071

| Moving Party's Uncontroverted Material Facts | Moving Party's Supporting Evidence |
|---|---|
| inspections, photographs, and the plumber's report. | |
| 16. On or about February 28, 2024, the plumber was contacted by an individual identifying herself as Plaintiff's case manager from Mergedomian Law Offices. During that communication, he was asked to change his prior report to revise the description of the issue from a "leak" to a "burst." Following that request, he revised the report, changing the description from a "leak" to a "burst." | Aguilar Decl., ¶ 5. |
| 17. On March 7, 2024, State Farm received Plaintiff's demand for reconsideration and revised plumber's report. | Redmond Decl., ¶ 20, Exh. 13 [SF001395 – SF001400]. |
| 18. The revised plumber's report does not state that the discharge hose was replaced. If the discharge hoes had burst, a repair could not have been made by reattaching it to the air gap. | Carnahan Decl., ¶ 4. |
| 19. On March 9 and March 16, 2024, State Farm emailed Plaintiff's counsel's office advising that it had received Plaintiff's demand for reconsideration and that the Claim was under review. | Redmond Decl., ¶ 21, Exh. 14 [SF001296 – SF001297]. |
| 20. On March 18, 2024, State Farm issued another denial letter. The letter stated that, after reviewing Plaintiff's additional documentation, the details of the loss were still indicative of seepage or leakage of water that occurred or developed over a period of time and, therefore, was not covered under the Policy. | Redmond Decl., ¶ 22, Exh. 15 [SF001291 – SF001295]. |

FREEMAN MATHIS & GARY, LLP
550 South Hope Street, 22nd Floor
Los Angeles, California 90071

| Moving Party's Uncontroverted Material Facts | Moving Party's Supporting Evidence |
|---|---|
| 21. On March 26, 2024, State Farm issued a letter Plaintiff's case manager advising that its position remained unchanged because no new information had been received. | Redmond Decl., ¶ 23, Exh. 16 [SF001365 – SF001367]. |
| 22. On June 17, 2024, State Farm issued its final denial letter reaffirming its coverage determination. | Redmond Decl., ¶ 24, Exh. 17 [SF001272 – SF001276]. |
| 23. On July 15, 2025, State Farm served Requests for Admissions (Set One) on Plaintiff. State Farm's Request for Admission Number 3 requests that Plaintiff "Please admit that the revised plumber report was only obtained after DEFENDANT denied your WATER DAMAGE CLAIM." On September 26, 2025, Plaintiff responded to those requests. | Duong Decl., ¶ 4, Exh. 20. |
| 24. On July 15, 2025, State Farm served Requests for Production (Set One) on Plaintiff. State Farm's Request for Production Number 9 requests "Any and all color photographs, motion pictures, videotapes, or slides of any damage claimed from the WATER DAMAGE CLAIM allegedly sustained on or around September 1, 2023." On February 24, 2026, Plaintiff provided supplemental documents in response to this Request. The photographs show that the downstream end of the dishwasher discharge hose simply detached from the air gap. This is consistent the plumber having repaired it by reattaching it to the air gap with a new hose clamp. The discharge hose did not burst. | Duong Decl., ¶ 5, Exh. 21; Carnahan Decl., ¶ 5. |

FREEMAN MATHIS & GARY, LLP
550 South Hope Street, 22nd Floor
Los Angeles, California 90071

| Moving Party's Uncontroverted Material Facts | Moving Party's Supporting Evidence |
|---|---|
| 25. Plaintiff's dishwasher is a Samsung Bespoke Dishwasher ("Dishwasher"), Model Number DW80BB707012AA, Serial Number OKD2GDATA02944P. Samsung product specifications for the Dishwasher report 3.2 gallons of water usage per cycle. Accordingly, if the entirety of the water used in a single cycle were discharged into the kitchen area due to a disconnected drain line, the total volume released would be very small, but nevertheless easily detectable as indicated by photographs showing standing water on the kitchen floor. | Carnahan Decl., ¶¶ 6–7. |
| 26. If there was leakage prior to September 1, 2023, the discharge hose may have loosened over time and leaked prior to completely separating. This would allow some wastewater from dishwasher operation to leak into the cabinet area beneath the sink. This condition would not produce a high-flow discharge. Instead, water would be released intermittently and in limited quantities corresponding to dishwasher operation cycles. | Carnahan Decl., ¶ 8. |

**<u>ISSUE NO. 1: Plaintiff's second cause of action for breach of the implied covenant of good faith and fair dealing fails as a matter of law because, at a minimum, a genuine dispute over coverage existed under the Policy.</u>**

| Moving Party's Uncontroverted Material Facts | Moving Party's Supporting Evidence |
|---|---|
| 1. State Farm General Insurance Company ("State Farm") issued a Homeowners Policy to Liana Hampartsoumian for a single-family | Declaration of Ellen Redmond ("Redmond Decl."), ¶ 4, Exhibit ("Exh.") 1 [SF001532 – |



FREEMAN MATHIS & GARY, LLP
550 South Hope Street, 22nd Floor
Los Angeles, California 90071

FREEMAN MATHIS & GARY, LLP
550 South Hope Street, 22nd Floor
Los Angeles, California 90071

| Moving Party's Uncontroverted Material Facts | Moving Party's Supporting Evidence |
|---|---|
| home located at 7926 Melita Ave, North Hollywood, CA 91605 ("Property"), bearing policy number 71-CL-G536-3 (the "Policy"). | SF001589]. |
| 2. The Policy contains the following relevant exclusion:<br><br>**SECTION I – LOSSES NOT INSURED**<br><br>1. ***We*** will not pay for any loss to the property described in Coverage A that is caused by one or more of the items below, regardless of whether the loss occurs abruptly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:<br><br>. . .<br><br>f. wear, tear, decay, marring, scratching, deterioration, inherent vice, latent defect, or mechanical breakdown;<br><br>. . .<br><br>However, ***we*** will pay for any resulting loss from items a. through k. unless the resulting loss is itself a Loss Not Insured as described in this Section.<br>. . .<br><br>3. ***We*** will not pay for, under any part of this policy, any loss that is caused by one or more of the items below, regardless of whether the event occurs abruptly or | Redmond Decl., ¶ 4, Exh. 1 [SF001532 – SF001589]. |

FREEMAN MATHIS & GARY, LLP
550 South Hope Street, 22nd Floor
Los Angeles, California 90071

| Moving Party's Uncontroverted Material Facts | Moving Party's Supporting Evidence |
|---|---|
| gradually, involves isolated or widespread damage, occurs on or off the ***residence premises***, arises from natural or external forces, or occurs as a result of any combination of these:<br>. . .<br>c. **Water**, meaning:<br>. . .<br>(9) seepage or leakage of water, steam, or sewage that occurs or develops over a period of time:<br>(c) and is:<br>(vii) continuous;<br>(viii) repeating;<br>(ix) gradual;<br>(x) intermittent;<br>(xi) slow; or<br>(xii) trickling; and<br>(d) from a:<br>(iv) heating, air conditioning, or automatic fire protective sprinkler system;<br>(v) household appliance; or<br>(vi) plumbing system, including from, within | |

FREEMAN MATHIS & GARY, LLP
550 South Hope Street, 22nd Floor
Los Angeles, California 90071

| **Moving Party's Uncontroverted Material Facts** | **Moving Party's Supporting Evidence** |
|---|---|
| or around any shower stall, shower bath, tub installation, or other plumbing fixture, including their walls, ceilings, or floors.<br><br>***We*** also will not pay for losses arising from condensation or the presence of humidity, moisture, or vapor that occurs or develops over a period of time; or<br><br>* * * | |
| 2. On September 1, 2023, Plaintiff retained counsel at Megerdomian Law Offices, who made the Claim under the Policy. Thereafter, State Farm sent a message to Plaintiff stating that it received her loss report. | Redmond Decl., ¶ 6, Exh. 2. [SF001391]. |
| 3. Also on September 1, 2023, Plaintiff's son, Sarkis Hampartsoumian, called Roto-Rooter Plumbing & Water Cleanup ("Roto-Rooter") to inspect the Property. During that visit, the plumber observed that the dishwasher air gap hose, which connects to the kitchen sink drain line, was disconnected and leaking a small amount of water. The plumber did not observe any burst pipe or catastrophic failure of the plumbing system. At that time, he reattached the air gap hose to the drain line and secured it with a clamp to prevent further leaking. The issue was resolved at that time. | Redmond Decl., ¶ 7; Declaration of George Aguilar ("Aguilar Decl."), ¶ 3. |
| 4. After the plumber completed the repair, he prepared a contemporaneous report documenting his findings and work performed. In that report, he stated that the dishwasher discharge hose was leaking at the air gap and that he resecured it with a hose clamp. The report accurately reflects the | Aguilar Decl., ¶ 4; Declaration of Emily Q. Duong ("Duong Decl."), ¶ 3, Exh. 19. |

| Moving Party's Uncontroverted Material Facts | Moving Party's Supporting Evidence |
|---|---|
| plumber's observations and the conditions he personally observed at the Property on September 1, 2023. | |
| 5. The September 1, 2023, plumber's invoice does not charge for parts, and the invoice did not state that the discharge hose was replaced. | Declaration of Robert A. Carnahan ("Carnahan Decl."), ¶ 4. |
| 6. On September 14, 2023, State Farm issued a letter to Plaintiff that informed her of her rights and directed her to Insurance Code Section 790.034(b)(1). | Redmond Decl., ¶ 8, Exh 3 [SF001388 – SF001390]. |
| 7. On September 15, 2023, State Farm's adjuster inspected the Property. | Redmond Decl., ¶ 9. |
| 8. Plaintiff's counsel contacted Maze Restoration Inc. ("Maze") to perform water mitigation services at the Property. Additional photographs taken on September 23, 2023, show that Maze removed flooring and areas of the walls in the kitchen, dining and living room area; State Farm did not authorize such work. | Redmond Decl., ¶ 10, Exh. 4 [SF00274 – SF00426]; *see* Carnahan Decl., ¶ 6. |
| 9. On October 23, 2023, State Farm's adjuster conducted a second inspection of the Property to further determine the cause of loss. | Redmond Decl., ¶ 11. |
| 10. State Farm received a copy of Plaintiff's independent repair estimate prepared by Jeff Kendall. | Redmond Decl., ¶ 14, Exh. 7 [SF001403 – SF001530]. |
| 11. On January 10, 2024, State Farm issued a status letter advising that its handling of the claim was pending further review of documents in the claim file. | Redmond Decl., ¶ 15, Exh. 8 [SF001380]. |

FREEMAN MATHIS & GARY, LLP
550 South Hope Street, 22nd Floor
Los Angeles, California 90071

| Moving Party's Uncontroverted Material Facts | Moving Party's Supporting Evidence |
|---|---|
| 12. On February 5, 2024, State Farm requested six months of water bills to determine if there was an increase in water usage around the time of the loss. | Redmond Decl., ¶ 17, Exh. 10 [SF001362]. |
| 13. On February 6, 2024, State Farm emailed Plaintiff's counsel's office stating that it had received the water bills and would contact her upon completion of its review. State Farm's review of the water bills did not reflect a sudden, isolated spike in consumption immediately preceding the reported date of loss, which would typically be expected in the event of a sudden and accidental high-volume discharge of water. | Redmond Decl., ¶ 18, Exh. 11 [SF000585 – SF000604]. |
| 14. On February 27, 2024, State Farm issued a denial letter. The denial letter stated that the water damage was not covered under the Policy's repeated seepage or leakage exclusion based on Plaintiff's statements, State Farm's inspections, photographs, and the plumber's report. | Redmond Decl., ¶ 19, Exh. 12 [SF000260 – SF000264]. |
| 15. On or about February 28, 2024, the plumber was contacted by an individual identifying herself as Plaintiff's case manager from Mergedomian Law Offices. During that communication, he was asked to change his prior report to revise the description of the issue from a "leak" to a "burst." Following that request, he revised the report, changing the description from a "leak" to a "burst." | Aguilar Decl., ¶ 5. |
| 16. On March 7, 2024, State Farm received Plaintiff's demand for reconsideration and revised plumber's report. | Redmond Decl., ¶ 20, Exh. 13 [SF001395 – SF001400]. |

FREEMAN MATHIS & GARY, LLP
550 South Hope Street, 22nd Floor
Los Angeles, California 90071

| Moving Party's Uncontroverted Material Facts | Moving Party's Supporting Evidence |
| --- | --- |
| 17. The revised plumber's report does not state that the discharge hose was replaced. If the discharge hoes had burst, a repair could not have been made by reattaching it to the air gap. | Carnahan Decl., ¶ 4. |
| 18. On March 9 and March 16, 2024, State Farm emailed Plaintiff's counsel's office advising that it had received Plaintiff's demand for reconsideration and that the Claim was under review. | Redmond Decl., ¶ 21, Exh. 14 [SF001296 – SF001297]. |
| 19. On March 18, 2024, State Farm issued another denial letter. The letter stated that, after reviewing Plaintiff's additional documentation, the details of the loss were still indicative of seepage or leakage of water that occurred or developed over a period of time and, therefore, was not covered under the Policy. | Redmond Decl., ¶ 22, Exh. 15 [SF001291 – SF001295]. |
| 20. On March 26, 2024, State Farm issued a letter Plaintiff's case manager advising that its position remained unchanged because no new information had been received. | Redmond Decl., ¶ 23, Exh. 16 [SF001365 – SF001367]. |
| 21. On June 17, 2024, State Farm issued its final denial letter reaffirming its coverage determination. | Redmond Decl., ¶ 24, Exh. 17 [SF001272 – SF001276]. |
| 22. On July 15, 2025, State Farm served Requests for Admissions (Set One) on Plaintiff. State Farm's Request for Admission Number 3 requests that Plaintiff "Please admit that the revised plumber report was only obtained after DEFENDANT denied your WATER DAMAGE CLAIM." On September 26, 2025, Plaintiff responded to those requests. | Duong Decl., ¶ 4, Exh. 20. |

FREEMAN MATHIS & GARY, LLP
550 South Hope Street, 22nd Floor
Los Angeles, California 90071

| Moving Party's Uncontroverted Material Facts | Moving Party's Supporting Evidence |
|---|---|
| 23. On July 15, 2025, State Farm served Requests for Production (Set One) on Plaintiff. State Farm's Request for Production Number 9 requests "Any and all color photographs, motion pictures, videotapes, or slides of any damage claimed from the WATER DAMAGE CLAIM allegedly sustained on or around September 1, 2023." On February 24, 2026, Plaintiff provided supplemental documents in response to this Request. The photographs show that the downstream end of the dishwasher discharge hose simply detached from the air gap. This is consistent the plumber having repaired it by reattaching it to the air gap with a new hose clamp. The discharge hose did not burst. | Duong Decl., ¶ 5, Exh. 21; Carnahan Decl., ¶ 5. |
| 24. Plaintiff's dishwasher is a Samsung Bespoke Dishwasher ("Dishwasher"), Model Number DW80BB707012AA, Serial Number OKD2GDATA02944P. Samsung product specifications for the Dishwasher report 3.2 gallons of water usage per cycle. Accordingly, if the entirety of the water used in a single cycle were discharged into the kitchen area due to a disconnected drain line, the total volume released would be very small, but nevertheless easily detectable as indicated by photographs showing standing water on the kitchen floor. | Carnahan Decl., ¶¶ 6–7. |
| 25. If there was leakage prior to September 1, 2023, the discharge hose may have loosened over time and leaked prior to completely separating. This would allow some wastewater from dishwasher operation to leak into the cabinet area beneath the sink. This condition would not produce a high-flow discharge. Instead, water would be released intermittently | Carnahan Decl., ¶ 8. |

FREEMAN MATHIS & GARY, LLP
550 South Hope Street, 22nd Floor
Los Angeles, California 90071

| Moving Party's Uncontroverted Material Facts | Moving Party's Supporting Evidence |
| --- | --- |
| and in limited quantities corresponding to dishwasher operation cycles. | |

**<u>ISSUE NO. 2: Plaintiff's third cause of action for declaratory relief fails as a matter of law because Plaintiff seeks an impermissible retrospective declaration concerning past claim handling rather than resolution of an actual, present controversy.</u>**

| Moving Party's Uncontroverted Material Facts | Moving Party's Supporting Evidence |
| --- | --- |
| 1. State Farm General Insurance Company ("State Farm") issued a Homeowners Policy to Liana Hampartsoumian for a single-family home located at 7926 Melita Ave, North Hollywood, CA 91605 ("Property"), bearing policy number 71-CL-G536-3 (the "Policy"). | Declaration of Ellen Redmond ("Redmond Decl."), ¶ 4, Exhibit ("Exh.") 1 [SF001532 – SF001589]. |
| 2. The Policy contains the following relevant exclusion:<br><br>**SECTION I – LOSSES NOT INSURED**<br><br>1. ***We*** will not pay for any loss to the property described in Coverage A that is caused by one or more of the items below, regardless of whether the loss occurs abruptly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these: | Redmond Decl., ¶ 4, Exh. 1 [SF001532 – SF001589]. |

FREEMAN MATHIS & GARY, LLP
550 South Hope Street, 22nd Floor
Los Angeles, California 90071

| Moving Party's Uncontroverted Material Facts | Moving Party's Supporting Evidence |
|---|---|
| . . .<br><br>f. wear, tear, decay, marring, scratching, deterioration, inherent vice, latent defect, or mechanical breakdown;<br><br>. . .<br><br>However, ***we*** will pay for any resulting loss from items a. through k. unless the resulting loss is itself a Loss Not Insured as described in this Section.<br>. . .<br><br>3. ***We*** will not pay for, under any part of this policy, any loss that is caused by one or more of the items below, regardless of whether the event occurs abruptly or gradually, involves isolated or widespread damage, occurs on or off the ***residence premises***, arises from natural or external forces, or occurs as a result of any combination of these:<br>. . .<br><br>c. **Water**, meaning:<br><br>. . .<br><br>(9) seepage or leakage of water, steam, or sewage that occurs or develops over a period of time:<br><br>(e) and is:<br><br>(xiii) continuous; | |

FREEMAN MATHIS & GARY, LLP
550 South Hope Street, 22nd Floor
Los Angeles, California 90071

| Moving Party's Uncontroverted Material Facts | Moving Party's Supporting Evidence |
|---|---|
| (xiv) repeating;<br>(xv) gradual;<br>(xvi) intermittent;<br>(xvii) slow; or<br>(xviii) trickling; and<br>(f) from a:<br>(vii) heating, air conditioning, or automatic fire protective sprinkler system;<br>(viii)household appliance; or<br>(ix) plumbing system, including from, within or around any shower stall, shower bath, tub installation, or other plumbing fixture, including their walls, ceilings, or floors.<br>***We*** also will not pay for losses arising from condensation or the presence of humidity, moisture, or vapor that occurs or develops over a period of time; or<br>* * * | |
| 2. On September 1, 2023, Plaintiff retained counsel at Megerdomian Law Offices, who made the Claim under the Policy. Thereafter, State Farm sent a message to Plaintiff stating that it received her loss report. | Redmond Decl., ¶ 6, Exh. 2. [SF001391]. |

FREEMAN MATHIS & GARY, LLP
550 South Hope Street, 22nd Floor
Los Angeles, California 90071

| Moving Party's Uncontroverted Material Facts | Moving Party's Supporting Evidence |
|---|---|
| 3. Also on September 1, 2023, Plaintiff's son, Sarkis Hampartsoumian, called Roto-Rooter Plumbing & Water Cleanup ("Roto-Rooter") to inspect the Property. During that visit, the plumber observed that the dishwasher air gap hose, which connects to the kitchen sink drain line, was disconnected and leaking a small amount of water. The plumber did not observe any burst pipe or catastrophic failure of the plumbing system. At that time, he reattached the air gap hose to the drain line and secured it with a clamp to prevent further leaking. The issue was resolved at that time. | Redmond Decl., ¶ 7; Declaration of George Aguilar ("Aguilar Decl."), ¶ 3. |
| 4. After the plumber completed the repair, he prepared a contemporaneous report documenting his findings and work performed. In that report, he stated that the dishwasher discharge hose was leaking at the air gap and that he resecured it with a hose clamp. The report accurately reflects the plumber's observations and the conditions he personally observed at the Property on September 1, 2023. | Aguilar Decl., ¶ 4; Declaration of Emily Q. Duong ("Duong Decl."), ¶ 3, Exh. 19. |
| 5. The September 1, 2023, plumber's invoice does not charge for parts, and the invoice did not state that the discharge hose was replaced. | Declaration of Robert A. Carnahan ("Carnahan Decl."), ¶ 4. |
| 6. On September 14, 2023, State Farm issued a letter to Plaintiff that informed her of her rights and directed her to Insurance Code Section 790.034(b)(1). | Redmond Decl., ¶ 8, Exh 3 [SF001388 – SF001390]. |
| 7. On September 15, 2023, State Farm's adjuster inspected the Property. | Redmond Decl., ¶ 9. |

FREEMAN MATHIS & GARY, LLP
550 South Hope Street, 22nd Floor
Los Angeles, California 90071

FREEMAN MATHIS & GARY, LLP
550 South Hope Street, 22nd Floor
Los Angeles, California 90071

| Moving Party's Uncontroverted Material Facts | Moving Party's Supporting Evidence |
|---|---|
| 8. Plaintiff's counsel contacted Maze Restoration Inc. ("Maze") to perform water mitigation services at the Property. Additional photographs taken on September 23, 2023, show that Maze removed flooring and areas of the walls in the kitchen, dining and living room area; State Farm did not authorize such work. | Redmond Decl., ¶ 10, Exh. 4 [SF00274 – SF00426]; *see* Carnahan Decl., ¶ 6. |
| 9. On October 23, 2023, State Farm's adjuster conducted a second inspection of the Property to further determine the cause of loss. | Redmond Decl., ¶ 11. |
| 10. State Farm received a copy of Plaintiff's independent repair estimate prepared by Jeff Kendall. | Redmond Decl., ¶ 14, Exh. 7 [SF001403 – SF001530]. |
| 11. On January 10, 2024, State Farm issued a status letter advising that its handling of the claim was pending further review of documents in the claim file. | Redmond Decl., ¶ 15, Exh. 8 [SF001380]. |
| 12. On February 5, 2024, State Farm requested six months of water bills to determine if there was an increase in water usage around the time of the loss. | Redmond Decl., ¶ 17, Exh. 10 [SF001362]. |
| 13. On February 6, 2024, State Farm emailed Plaintiff's counsel's office stating that it had received the water bills and would contact her upon completion of its review. State Farm's review of the water bills did not reflect a sudden, isolated spike in consumption immediately preceding the reported date of loss, which would typically be expected in the event of a sudden and accidental high-volume discharge of water. | Redmond Decl., ¶ 18, Exh. 11 [SF000585 – SF000604]. |

| Moving Party's Uncontroverted Material Facts | Moving Party's Supporting Evidence |
|---|---|
| 14. On February 27, 2024, State Farm issued a denial letter. The denial letter stated that the water damage was not covered under the Policy's repeated seepage or leakage exclusion based on Plaintiff's statements, State Farm's inspections, photographs, and the plumber's report. | Redmond Decl., ¶ 19, Exh. 12 [SF000260 – SF000264]. |
| 15. On or about February 28, 2024, the plumber was contacted by an individual identifying herself as Plaintiff's case manager from Mergedomian Law Offices. During that communication, he was asked to change his prior report to revise the description of the issue from a "leak" to a "burst." Following that request, he revised the report, changing the description from a "leak" to a "burst." | Aguilar Decl., ¶ 5. |
| 16. On March 7, 2024, State Farm received Plaintiff's demand for reconsideration and revised plumber's report. | Redmond Decl., ¶ 20, Exh. 13 [SF001395 – SF001400]. |
| 17. The revised plumber's report does not state that the discharge hose was replaced. If the discharge hoes had burst, a repair could not have been made by reattaching it to the air gap. | Carnahan Decl., ¶ 4. |
| 18. On March 9 and March 16, 2024, State Farm emailed Plaintiff's counsel's office advising that it had received Plaintiff's demand for reconsideration and that the Claim was under review. | Redmond Decl., ¶ 21, Exh. 14 [SF001296 – SF001297]. |
| 19. On March 18, 2024, State Farm issued another denial letter. The letter stated that, after reviewing Plaintiff's additional documentation, the details of the loss were still indicative of seepage or leakage of water that occurred or developed over a period of time | Redmond Decl., ¶ 22, Exh. 15 [SF001291 – SF001295]. |

FREEMAN MATHIS & GARY, LLP
550 South Hope Street, 22nd Floor
Los Angeles, California 90071

FREEMAN MATHIS & GARY, LLP
550 South Hope Street, 22nd Floor
Los Angeles, California 90071

| **Moving Party's Uncontroverted Material Facts** | **Moving Party's Supporting Evidence** |
|---|---|
| and, therefore, was not covered under the Policy. | |
| 20. On March 26, 2024, State Farm issued a letter Plaintiff's case manager advising that its position remained unchanged because no new information had been received. | Redmond Decl., ¶ 23, Exh. 16 [SF001365 – SF001367]. |
| 21. On June 17, 2024, State Farm issued its final denial letter reaffirming its coverage determination. | Redmond Decl., ¶ 24, Exh. 17 [SF001272 – SF001276]. |
| 22. On July 15, 2025, State Farm served Requests for Admissions (Set One) on Plaintiff. State Farm's Request for Admission Number 3 requests that Plaintiff "Please admit that the revised plumber report was only obtained after DEFENDANT denied your WATER DAMAGE CLAIM." On September 26, 2025, Plaintiff responded to those requests. | Duong Decl., ¶ 4, Exh. 20. |
| 23. On July 15, 2025, State Farm served Requests for Production (Set One) on Plaintiff. State Farm's Request for Production Number 9 requests "Any and all color photographs, motion pictures, videotapes, or slides of any damage claimed from the WATER DAMAGE CLAIM allegedly sustained on or around September 1, 2023." On February 24, 2026, Plaintiff provided supplemental documents in response to this Request. The photographs show that the downstream end of the dishwasher discharge hose simply detached from the air gap. This is consistent the plumber having repaired it by reattaching it to the air gap with a new hose clamp. The discharge hose | Duong Decl., ¶ 5, Exh. 21; Carnahan Decl., ¶ 5. |

| Moving Party's Uncontroverted Material Facts | Moving Party's Supporting Evidence |
|---|---|
| did not burst. | |
| 24. Plaintiff's dishwasher is a Samsung Bespoke Dishwasher ("Dishwasher"), Model Number DW80BB707012AA, Serial Number OKD2GDATA02944P. Samsung product specifications for the Dishwasher report 3.2 gallons of water usage per cycle. Accordingly, if the entirety of the water used in a single cycle were discharged into the kitchen area due to a disconnected drain line, the total volume released would be very small, but nevertheless easily detectable as indicated by photographs showing standing water on the kitchen floor. | Carnahan Decl., ¶¶ 6–7. |
| 25. If there was leakage prior to September 1, 2023, the discharge hose may have loosened over time and leaked prior to completely separating. This would allow some wastewater from dishwasher operation to leak into the cabinet area beneath the sink. This condition would not produce a high-flow discharge. Instead, water would be released intermittently and in limited quantities corresponding to dishwasher operation cycles. | Carnahan Decl., ¶ 8. |

Dated: March 6, 2026

**FREEMAN MATHIS & GARY, LLP**

By: */s/ Emily Q. Duong*
ALBERT K. ALIKIN
MICHAEL B. GELFOUND
EMILY Q. DUONG
Attorneys for Defendant
State Farm General Insurance Company

FREEMAN MATHIS & GARY, LLP
550 South Hope Street, 22nd Floor
Los Angeles, California 90071