VINCE BAKHDANYAN ESQ. – State Bar No. 331024
PDS LAW OFFICES APC.
450 N. BRAND BLVD. 6TH FLOOR
GLENDALE, CA 91203
Tel: (877) 737-5290
Fax: (888) 356-1188
Email: vinceb@pdslawoffices.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| LIANA HAMPARTSOUMIAN, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>STATE FARM GENERAL INSURANCE COMPANY, an Illinois Corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.: 2:25-cv-00404-JLS-ASx<br>District Judge: Josephine L. Staton<br>Magistrate Judge: Alka Sagar<br><br>PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS AND STATEMENT OF ADDITIONAL GENUINE DISPUTES OF MATERIAL FACT IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

# I. RESPONSE TO DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS

| DEFENDANT FACT | RESPONSE | EVIDENCE |
|---|---|---|
| 1. State Farm General Insurance Company ("State Farm") issued a Homeowners Policy to Liana Hampartsoumian for a single-family home located at 7926 Melita Ave, North Hollywood, CA 91605 ("Property"), bearing policy number 71-CL-G536-3 (the "Policy"). | Undisputed that State Farm issued a homeowners insurance policy covering the property. | Redmond Decl. ¶4, Exh. 1. |
| 2. The Policy contains the following relevant exclusion: [policy language regarding wear, tear, deterioration, and gradual seepage or leakage]. | Undisputed that the Policy contains the quoted language. Disputed that the exclusion applies to the loss at issue. Plaintiff's evidence demonstrates that the water intrusion resulted from a sudden discharge event involving the dishwasher discharge hose rather than | Hampartsoumian Decl. ¶¶3–8; Gevondyan Decl. ¶¶10–11; Roto-Rooter Invoice, Ex. 2. |

| | | |
|---|---|---|
| | gradual seepage or deterioration. | |
| 3. On September 1, 2023, Plaintiff retained counsel at Megerdomian Law Offices, who made the Claim under the Policy. Thereafter, State Farm sent a message to Plaintiff stating that it received her loss report. | Undisputed that a claim was made under the Policy. | Redmond Decl. ¶6. |
| 4. Also on September 1, 2023, Plaintiff's son, Sarkis Hampartsoumian, called Roto-Rooter Plumbing & Water Cleanup ("Roto-Rooter") to inspect the Property. During that visit, the plumber observed that the dishwasher air gap hose, which connects to the kitchen sink drain line, was disconnected and leaking a small amount of water. The plumber did not observe any burst pipe or catastrophic failure of the plumbing system. At that time, he reattached the air gap hose to the drain line and secured it with a clamp to prevent further leaking. The issue was resolved at that time. | Disputed. Defendant's characterization omits the plumber's contemporaneous invoice, which states that the "dishwasher discharge hose burst / had come apart." The invoice was prepared at the time of the repair and directly contradicts Defendant's description of the event as merely a minor leak. At minimum, this conflicting evidence | Roto-Rooter Invoice, Ex. 2; Hampartsoumian Decl. ¶10. PAMFS 14-15 |

| | | |
|---|---|---|
| | creates a triable dispute as to whether the loss resulted from a sudden hose failure rather than gradual seepage. | |
| 5. After the plumber completed the repair, he prepared a contemporaneous report documenting his findings and work performed. In that report, he stated that the dishwasher discharge hose was leaking at the air gap and that he resecured it with a hose clamp. The report accurately reflects the plumber's observations and the conditions he personally observed at the Property on September 1, 2023. | Disputed. The contemporaneous plumber invoice states that the dishwasher discharge hose had "burst / had come apart," contradicting Defendant's characterization of the plumber's observations. | Roto-Rooter Invoice, Ex. 2. |
| 6. The September 1, 2023, plumber's invoice does not charge for parts, and the invoice did not state that the discharge hose was replaced. | Undisputed that the invoice does not charge for parts and does not state that the hose was replaced. Disputed to the extent Defendant implies this negates a sudden hose | Roto-Rooter Invoice, Ex. 2; PAMFs 14–15. |

| | | |
|---|---|---|
| | separation or discharge event. | |
| 7. On September 14, 2023, State Farm issued a letter to Plaintiff that informed her of her rights and directed her to Insurance Code Section 790.034(b)(1). | Undisputed. | |
| 8. On September 15, 2023, State Farm's adjuster inspected the Property. | Undisputed that an inspection occurred. | |
| 9. Plaintiff's counsel contacted Maze Restoration Inc. ("Maze") to perform water mitigation services at the Property. Additional photographs taken on September 23, 2023, show that Maze removed flooring and areas of the walls in the kitchen, dining and living room area; State Farm did not authorize such work | Undisputed that Maze performed mitigation work and removed damaged materials.<br>Undisputed that State Farm did not authorize the work. | Gevondyan Decl. ¶¶ 3–5, 8, 12, 15; PAMF 9. |
| 10. On October 23, 2023, State Farm's adjuster conducted a second inspection of the Property to further determine the cause of loss. | Undisputed that a second inspection occurred. | |
| 11. State Farm received a copy of Plaintiff's independent repair estimate prepared by Jeff Kendall. | Undisputed that State Farm received the estimate. | |

| | | |
|---|---|---|
| 12. On January 10, 2024, State Farm issued a status letter advising that its handling of the claim was pending further review of documents in the claim file. | Undisputed. | |
| 13. On February 5, 2024, State Farm requested six months of water bills to determine if there was an increase in water usage around the time of the loss. | Undisputed that State Farm requested water bills. | |
| 14. On February 6, 2024, State Farm emailed Plaintiff's counsel's office stating that it had received the water bills and would contact her upon completion of its review. State Farm's review of the water bills did not reflect a sudden, isolated spike in consumption immediately preceding the reported date of loss, which would typically be expected in the event of a sudden and accidental high-volume discharge of water. | Disputed. Defendant's assertion regarding water usage is unsupported. State Farm's adjuster testified he did not recall whether he reviewed all of the water bills produced by Plaintiff before reaching this conclusion. Moreover, Defendant offers no analysis establishing that a dishwasher discharge event would | Watkins Dep. 32:19–21; Redmond Decl. Ex. 11<br>PAMF 19. |

| | | |
|---|---|---|
| | necessarily produce a detectable spike in monthly billing data. Accordingly, Defendant's speculation about water consumption does not establish the absence of a sudden discharge. | |
| 15. On February 27, 2024, State Farm issued a denial letter. The denial letter stated that the water damage was not covered under the Policy's repeated seepage or leakage exclusion based on Plaintiff's statements, State Farm's inspections, photographs, and the plumber's report. | Undisputed that State Farm issued the denial letter and stated that position. Disputed that the cited materials establish repeated seepage or leakage. | Hampartsoumian Decl. ¶¶ 3–10, 15–16; Gevondyan Decl. ¶¶ 6–11; Roto-Rooter Invoice, Ex. 2; PAMFs 2–15, 20–21. |
| 16. On or about February 28, 2024, the plumber was contacted by an individual identifying herself as Plaintiff's case manager from Mergedomian Law Offices. During that communication, he was asked to change his prior report to revise the description of the issue from a | Undisputed that State Farm's evidence asserts that a revised report was later obtained. Disputed to the extent Defendant implies the underlying event was | Roto-Rooter Invoice, Ex. 2; PAMF 14. |

| | | |
|---|---|---|
| "leak" to a "burst." Following that request, he revised the report, changing the description from a "leak" to a "burst. | not sudden or that the contemporaneous invoice did not document a hose that had "burst / had come apart." | |
| 17. On March 7, 2024, State Farm received Plaintiff's demand for reconsideration and revised plumber's report. | Undisputed. | |
| 18. The revised plumber's report does not state that the discharge hose was replaced. If the discharge hoes had burst, a repair could not have been made by reattaching it to the air gap. | Undisputed that the revised report does not state the hose was replaced. Disputed as to the expert opinion that a burst or sudden separation could not have been addressed by reattachment. Carnahan did not inspect the dishwasher or hose and performed no testing, reconstruction, or simulation. | PAMFs 22–27; Roto-Rooter Invoice, Ex. 2. |

| | | |
|---|---|---|
| 19. On March 9 and March 16, 2024, State Farm emailed Plaintiff's counsel's office advising that it had received Plaintiff's demand for reconsideration and that the Claim was under review. | Undisputed. | |
| 20. On March 18, 2024, State Farm issued another denial letter. The letter stated that, after reviewing Plaintiff's additional documentation, the details of the loss were still indicative of seepage or leakage of water that occurred or developed over a period of time and, therefore, was not covered under the Policy. | Undisputed that State Farm issued the letter and stated that position. Disputed that Plaintiff's additional documentation established seepage or leakage over time. | Hampartsoumian Decl. ¶¶ 3–10, 15–16; Gevondyan Decl. ¶¶ 6–11; Roto-Rooter Invoice, Ex. 2; PAMFs 2–15, 20–21. |
| 21. On March 26, 2024, State Farm issued a letter Plaintiff's case manager advising that its position remained unchanged because no new information had been received. | Undisputed that State Farm issued the letter and stated that position. Disputed to the extent Defendant implies no new information existed bearing on causation. | Redmond Decl. ¶ 23, Exh. 16; Roto-Rooter Invoice, Ex. 2; PAMF 14. |
| 22. On June 17, 2024, State Farm issued its final denial letter reaffirming its coverage determination. | Undisputed that State Farm issued its final denial letter. Disputed that the | Redmond Decl. ¶ 24, Exh. 17; PAMFs 2–15, 20–21. |

| | | |
|---|---|---|
| | coverage determination was correct. | |
| 23. On July 15, 2025, State Farm served Requests for Admissions (Set One) on Plaintiff. State Farm's Request for Admission Number 3 requests that Plaintiff "Please admit that the revised plumber report was only obtained after DEFENDANT denied your WATER DAMAGE CLAIM." On September 26, 2025, Plaintiff responded to those requests. | Undisputed. | |
| 24. On July 15, 2025, State Farm served Requests for Production (Set One) on Plaintiff. State Farm's Request for Production Number 9 requests "Any and all color photographs, motion pictures, videotapes, or slides of any damage claimed from the WATER DAMAGE CLAIM allegedly sustained on or around September 1, 2023." On February 24, 2026, Plaintiff provided supplemental documents in response to this Request. The photographs show | Undisputed that the request was served and that supplemental documents were later provided. Disputed as to Defendant's characterization of what the photographs show and the conclusion that the discharge hose did not burst. The contemporaneous | Roto-Rooter Invoice, Ex. 2; PAMFs 14–15, 22–27. |

| | | |
|---|---|---|
| that the downstream end of the dishwasher discharge hose simply detached from the air gap. This is consistent the plumber having repaired it by reattaching it to the air gap with a new hose clamp. The discharge hose did not burst. | Roto-Rooter invoice states the hose had "burst / had come apart," and Carnahan did not inspect or test the hose. | |
| 25. Plaintiff's dishwasher is a Samsung Bespoke Dishwasher ("Dishwasher"), Model Number DW80BB707012AA, Serial Number OKD2GDATA02944P. Samsung product specifications for the Dishwasher report 3.2 gallons of water usage per cycle. Accordingly, if the entirety of the water used in a single cycle were discharged into the kitchen area due to a disconnected drain line, the total volume released would be very small, but nevertheless easily detectable as indicated by photographs showing standing water on the kitchen floor. | Undisputed that Defendant's expert identifies the dishwasher model and cites a product specification of 3.2 gallons per cycle. Disputed as to Defendant's characterization of the significance of that number. | Carnahan Decl. ¶¶ 6–7; Hampartsoumian Decl. ¶¶ 6–8; Ghevondyan Decl. ¶¶ 6–8. |
| 26. If there was leakage prior to September 1, 2023, the discharge hose may have loosened over time and leaked prior to completely | Disputed. Defendant's expert offers only a hypothetical scenario | PAMFs 3–4, 11–12, 20–27 |

| | | |
|---|---|---|
| separating. This would allow some wastewater from dishwasher operation to leak into the cabinet area beneath the sink. This condition would not produce a high-flow discharge. Instead, water would be released intermittently and in limited quantities corresponding to dishwasher operation cycles. | based on assumptions rather than evidence. Carnahan did not inspect the dishwasher or discharge hose, performed no testing, reconstruction, or simulation, and identifies no evidence that any prior leakage occurred. Plaintiff's evidence establishes the opposite: there had been no prior water intrusion, moisture issues, or mold conditions, and the water damage was discovered suddenly when Plaintiff returned home. Unsupported speculation regarding a possible gradual leak does not | |

| | | |
|---|---|---|
| | eliminate a triable issue of fact.. | |

**ISSUE NO. 1 – Bad Faith / Genuine Dispute**

| DEFENDANT FACTS | RESPONSE | EVIDENCE |
|---|---|---|
| 1. State Farm General Insurance Company ("State Farm") issued a Homeowners Policy to Liana Hampartsoumian for a single-family home located at 7926 Melita Ave, North Hollywood, CA 91605 ("Property"), bearing policy number 71-CL-G536-3 (the "Policy"). | Same response as to Fact No. 1 above. | See evidence cited in response to Fact No. 1 above. |
| 2. The Policy contains the following relevant exclusion… | Same response as to Fact No. 2 above. | See evidence cited in response to Fact No. 2 above. |
| 3. On September 1, 2023, Plaintiff retained counsel at Megerdomian Law Offices… | Same response as to Fact No. 3 above. | See evidence cited in response to Fact No. 3 above. |
| 4. Also on September 1, 2023, Plaintiff's son, Sarkis Hampartsoumian, called Roto-Rooter… | Same response as to Fact No. 4 above. | See evidence cited in response to Fact No. 4 above. |
| 5. After the plumber completed the repair, he prepared a contemporaneous report… | Same response as to Fact No. 5 above. | See evidence cited in response to Fact No. 5 above. |
| 6. On September 14, 2023, State Farm issued a letter to Plaintiff… | Same response as to Fact No. 7 above. | See evidence cited in response to Fact No. 7 above. |
| 7. On September 15, 2023, State Farm's adjuster inspected the Property. | Same response as to Fact No. 8 above. | See evidence cited in |

| DEFENDANT FACTS | RESPONSE | EVIDENCE |
|---|---|---|
| | | response to Fact No. 8 above. |
| 8. Plaintiff's counsel contacted Maze Restoration Inc… | Same response as to Fact No. 9 above. | See evidence cited in response to Fact No. 9 above. |
| 9. On October 23, 2023, State Farm's adjuster conducted a second inspection… | Same response as to Fact No. 10 above. | See evidence cited in response to Fact No. 10 above. |
| 10. State Farm received a copy of Plaintiff's independent repair estimate… | Same response as to Fact No. 11 above. | See evidence cited in response to Fact No. 11 above. |
| 11. On January 10, 2024, State Farm issued a status letter… | Same response as to Fact No. 12 above. | See evidence cited in response to Fact No. 12 above. |
| 12. On February 5, 2024, State Farm requested six months of water bills… | Same response as to Fact No. 13 above. | See evidence cited in response to Fact No. 13 above. |
| 13. On February 6, 2024, State Farm emailed Plaintiff's counsel… | Same response as to Fact No. 14 above. | See evidence cited in response to Fact No. 14 above. |
| 14. On February 27, 2024, State Farm issued a denial letter… | Same response as to Fact No. 15 above. | See evidence cited in response to Fact No. 15 above. |
| 15. On or about February 28, 2024, the plumber was contacted by an individual identifying herself as Plaintiff's case manager… | Same response as to Fact No. 16 above. | See evidence cited in response to Fact No. 16 above. |
| 16. On March 7, 2024, State Farm received Plaintiff's demand for reconsideration… | Same response as to Fact No. 17 above. | See evidence cited in response to Fact No. 17 above. |

| DEFENDANT FACTS | RESPONSE | EVIDENCE |
| --- | --- | --- |
| 17. The revised plumber's report does not state that the discharge hose was replaced… | Same response as to Fact No. 18 above. | See evidence cited in response to Fact No. 18 above. |
| 18. On March 9 and March 16, 2024, State Farm emailed Plaintiff's counsel… | Same response as to Fact No. 19 above. | See evidence cited in response to Fact No. 19 above. |
| 19. On March 18, 2024, State Farm issued another denial letter… | Same response as to Fact No. 20 above. | See evidence cited in response to Fact No. 20 above. |
| 20. On March 26, 2024, State Farm issued a letter… | Same response as to Fact No. 21 above. | See evidence cited in response to Fact No. 21 above. |
| 21. On June 17, 2024, State Farm issued its final denial letter… | Same response as to Fact No. 22 above. | See evidence cited in response to Fact No. 22 above. |
| 22. On July 15, 2025, State Farm served Requests for Admissions… | Same response as to Fact No. 23 above. | See evidence cited in response to Fact No. 23 above. |
| 23. On July 15, 2025, State Farm served Requests for Production… | Same response as to Fact No. 24 above. | See evidence cited in response to Fact No. 24 above. |
| 24. Plaintiff's dishwasher is a Samsung Bespoke Dishwasher… | Same response as to Fact No. 25 above. | See evidence cited in response to Fact No. 25 above. |
| 25. If there was leakage prior to September 1, 2023… | Same response as to Fact No. 26 above. | See evidence cited in response to Fact No. 26 above. |

## ISSUE NO. 2 – Declaratory Relief

| DEFENDANT FACTS | RESPONSE | EVIDENCE |
|---|---|---|
| 1. State Farm General Insurance Company ("State Farm") issued a Homeowners Policy to Liana Hampartsoumian for a single-family home located at 7926 Melita Ave, North Hollywood, CA 91605 ("Property"), bearing policy number 71-CL-G536-3 (the "Policy"). | Same response as to Fact No. 1 above. | See evidence cited in response to Fact No. 1 above. |
| 2. The Policy contains the following relevant exclusion… | Same response as to Fact No. 2 above. | See evidence cited in response to Fact No. 2 above. |
| 3. On September 1, 2023, Plaintiff retained counsel at Megerdomian Law Offices… | Same response as to Fact No. 3 above. | See evidence cited in response to Fact No. 3 above. |
| 4. Also on September 1, 2023, Plaintiff's son, Sarkis Hampartsoumian, called Roto-Rooter… | Same response as to Fact No. 4 above. | See evidence cited in response to Fact No. 4 above. |
| 5. After the plumber completed the repair, he prepared a contemporaneous report… | Same response as to Fact No. 5 above. | See evidence cited in response to Fact No. 5 above. |
| 6. On September 14, 2023, State Farm issued a letter to Plaintiff… | Same response as to Fact No. 7 above. | See evidence cited in response to Fact No. 7 above. |
| 7. On September 15, 2023, State Farm's adjuster inspected the Property. | Same response as to Fact No. 8 above. | See evidence cited in response to Fact No. 8 above. |
| 8. Plaintiff's counsel contacted Maze Restoration Inc… | Same response as to Fact No. 9 above. | See evidence cited in |

| DEFENDANT FACTS | RESPONSE | EVIDENCE |
|---|---|---|
| | | response to Fact No. 9 above. |
| 9. On October 23, 2023, State Farm's adjuster conducted a second inspection… | Same response as to Fact No. 10 above. | See evidence cited in response to Fact No. 10 above. |
| 10. State Farm received a copy of Plaintiff's independent repair estimate… | Same response as to Fact No. 11 above. | See evidence cited in response to Fact No. 11 above. |
| 11. On January 10, 2024, State Farm issued a status letter… | Same response as to Fact No. 12 above. | See evidence cited in response to Fact No. 12 above. |
| 12. On February 5, 2024, State Farm requested six months of water bills… | Same response as to Fact No. 13 above. | See evidence cited in response to Fact No. 13 above. |
| 13. On February 6, 2024, State Farm emailed Plaintiff's counsel… | Same response as to Fact No. 14 above. | See evidence cited in response to Fact No. 14 above. |
| 14. On February 27, 2024, State Farm issued a denial letter… | Same response as to Fact No. 15 above. | See evidence cited in response to Fact No. 15 above. |
| 15. On or about February 28, 2024, the plumber was contacted by an individual identifying herself as Plaintiff's case manager… | Same response as to Fact No. 16 above. | See evidence cited in response to Fact No. 16 above. |
| 16. On March 7, 2024, State Farm received Plaintiff's demand for reconsideration… | Same response as to Fact No. 17 above. | See evidence cited in response to Fact No. 17 above. |
| 17. The revised plumber's report does not state that the discharge hose was replaced… | Same response as to Fact No. 18 above. | See evidence cited in response to Fact No. 18 above. |

| DEFENDANT FACTS | RESPONSE | EVIDENCE |
| --- | --- | --- |
| 18. On March 9 and March 16, 2024, State Farm emailed Plaintiff's counsel… | Same response as to Fact No. 19 above. | See evidence cited in response to Fact No. 19 above. |
| 19. On March 18, 2024, State Farm issued another denial letter… | Same response as to Fact No. 20 above. | See evidence cited in response to Fact No. 20 above. |
| 20. On March 26, 2024, State Farm issued a letter… | Same response as to Fact No. 21 above. | See evidence cited in response to Fact No. 21 above. |
| 21. On June 17, 2024, State Farm issued its final denial letter… | Same response as to Fact No. 22 above. | See evidence cited in response to Fact No. 22 above. |
| 22. On July 15, 2025, State Farm served Requests for Admissions… | Same response as to Fact No. 23 above. | See evidence cited in response to Fact No. 23 above. |
| 23. On July 15, 2025, State Farm served Requests for Production… | Same response as to Fact No. 24 above. | See evidence cited in response to Fact No. 24 above. |
| 24. Plaintiff's dishwasher is a Samsung Bespoke Dishwasher… | Same response as to Fact No. 25 above. | See evidence cited in response to Fact No. 25 above. |
| 25. If there was leakage prior to September 1, 2023… | Same response as to Fact No. 26 above. | See evidence cited in response to Fact No. 26 above. |

## II. PLAINTIFF'S ADDITIONAL MATERIAL FACTS IN DISPUTE

| PAMF | ADDITIONAL FACT IN DISPUTE | EVIDENCE |
|---|---|---|
| 1 | Plaintiff resided at the insured property located at 7926 Melita Avenue, North Hollywood, California at all relevant times. | Hampartsoumian Decl. ¶2 |
| 2 | On September 1, 2023, a sudden water loss occurred at the property involving the kitchen dishwasher. | Hampartsoumian Decl. ¶3. |
| 3 | Prior to September 1, 2023, the dishwasher had functioned normally and Plaintiff had never experienced any prior leakage or water discharge from the dishwasher. | Hampartsoumian Decl. ¶¶4, 9 |
| 4 | Prior to September 1, 2023, there had been no ongoing water intrusion or moisture issues in the kitchen area of the home. | Hampartsoumian Decl. ¶5. |
| 5 | On September 1, 2023, Plaintiff left the home while the dishwasher appeared to be operating normally. | Hampartsoumian Decl. ¶6. |
| 6 | When Plaintiff returned home, she discovered significant water on the kitchen floor and surrounding areas. | Hampartsoumian Decl. ¶7. |
| 7 | The water appeared to originate from the dishwasher area and spread across the kitchen floor and adjacent areas | Hampartsoumian Decl. ¶8. |
| 8 | After discovering the water damage, Plaintiff arranged for a plumber to inspect the dishwasher and plumbing connections. | Hampartsoumian Decl. ¶10 |

| | | |
|---|---|---|
| 9 | Maze Restoration was retained to perform emergency water mitigation services at the property following the water intrusion event. | Gevondyan Decl. ¶¶3–4 |
| 10 | When Maze Restoration arrived at the property, it observed wet flooring and water damage affecting the kitchen area and adjacent portions of the home. | Gevondyan Decl. ¶¶6–7. |
| 11 | Maze Restoration did not observe visible mold or mildew indicating long-term moisture exposure at the time mitigation work began. | Gevondyan Decl. ¶10. |
| 12 | Based on his observations during mitigation work, Maze Restoration employee Mikael Gevondyan observed conditions consistent with a sudden water intrusion event rather than prolonged seepage. | Gevondyan Decl. ¶7, ¶11. |
| 13 | A plumber from Roto-Rooter inspected the property on September 1, 2023. | Roto-Rooter Invoice, Ex. 2. |
| 14 | The Roto-Rooter invoice states that the dishwasher discharge hose had “burst / had come apart. . .causing water to leak.” | Roto-Rooter Invoice, Ex. 2. |
| 15 | The Roto-Rooter invoice further reflects that the plumber reattached the dishwasher discharge hose to the air gap and secured it with a clamp. | Roto-Rooter Invoice, Ex. 2. |

| | | |
|---|---|---|
| 16 | State Farm adjuster Galvis Watkins testified that he remembered the plumber's report stating that the loss involved a dishwasher leak. | Watkins Dep. 15:2–9. |
| 17 | Watkins testified that he was not familiar with what was observed during State Farm's initial inspection of the property. | Watkins Dep. 15:17–19. |
| 18 | Watkins testified that his inspections are limited to visual surface inspections and do not involve destructive or intrusive testing. | Watkins Dep. 19:14–21. |
| 19 | Watkins testified that he did not recall whether State Farm authorized moisture testing following the initial inspection. | Watkins Dep. 19:14–17. |
| 20 | Plaintiff had never previously observed water leaking from the dishwasher or its hoses prior to September 1, 2023. | Hampartsoumian Decl. ¶9. |
| 21 | The water damage was discovered after Plaintiff left the home and returned later that day. | Hampartsoumian Decl. ¶¶6–7 |
| 22 | Defendant's retained engineer, Robert Carnahan, did not inspect the dishwasher involved in the loss. | Carnahan Decl. |
| 23 | Carnahan did not inspect the dishwasher discharge hose that allegedly caused the water loss. | Carnahan Decl. |
| 24 | Carnahan did not perform any physical testing of the dishwasher or its components. | Carnahan Decl. |

| | | |
|---|---|---|
| 25 | Carnahan's opinions were based on a review of documents and photographs rather than inspection of the appliance involved in the loss. | Carnahan Decl. |
| 26 | Carnahan did not perform any reconstruction or simulation of the dishwasher failure. | Carnahan Decl. |
| 27 | Carnahan did not test whether a disconnected or burst discharge hose could release water during a dishwasher cycle. | Carnahan Decl. |
| 28 | Maze Restoration performed mitigation procedures consistent with the IICRC S-500 water damage restoration guidelines, which are widely used in the water restoration industry. | Gevondyan Decl. ¶9. |
| 29 | Photographs documenting the water damage conditions at the property were taken during the mitigation process. | Gevondyan Decl. ¶13–14. |

Date: March 13, 2026

PDS LAW OFFICES APC

Vince Bakhdanyan, Esq.,
Attorney for Plaintiff